RECEIVED
SEP 15 2021
U.S. District Court
Eastern District of MO

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE MC GEE | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | 1:21CV133 ACL |
| | ) | |
| MERS/MISOURI GOODWILL | ) | |
| INDUSTRIES | ) | |
| | ) | |
| Defendant | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff brings this action pursuant to the Title VII of the Civil Rights Act of 1968, 42 U.S.C. 2000e *et seq.*, the Age Discrimination Employment Act (ADEA), 29 U.S.C. 621 *et. seq.*, and the Missouri Human Rights Act, 213.010 *et seq.* to redress the denial of employment by the Defendant MERS/Missouri Goodwill Industries, d/b/a MERS Goodwill. on the basis of her sex, race and age.

## JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to U.S.C. §1331, 28 U.S.C. §1332, 28 U.S.C. §1343(a)(3) and (4), 42 U.S.C. §2000e-5(f)(3) 29 U.S.C. §626, and 28 U.S.C. §1367.

## VENUE

2. Venue is proper in this Court pursuant to 28 US.C.§1391(b)(1) and (2) and 42 U.S.C. §2000e-5(f)(3).

## PARTIES

3. Plaintiff is a black female born November 5, 1952. She was 66 years and five (5) months old at the time she was subjected to the discriminatory conduct and denied employment

1

by the Defendant, MERS/Missouri Goodwill Industries. She is a resident and citizen of the State of Missouri and resides in Pemiscot County, Missouri.

4. The Defendant MERS/Missouri Goodwill Industries is a Missouri nonprofit corporation existing under and by virtue of the laws of the State of Missouri. The Defendant is doing business under the fictitious name of MERS Goodwill. David Kutchback is the President and Registered Agent for receiving service of process on behalf of the corporation. He may be served at 1727 Locust Street, St. Louis, Missouri 63103.

## E.E.O.C. ADMINISTRATIVE PROCEDURES

5. Plaintiff filed timely charges of sex, race and age with the United States Equal Employment Opportunity Commission.

6. Thereafter on June 17, 2021, E.E.O.C. issued a Dismissal and Notice of Suit Rights The Notice granted Plaintiff the right to institute a civil action against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* and the ADEA, 29 U.S.C. §621 *et seq.* within 90 days of the receipt of the Notice. Plaintiff commenced the present action within 90 days of receipt of that Notice.

7. All conditions precedent to institution of this lawsuit have been fulfilled.

## COUNT I

## TITLE VII SEX DISCRIMINATION, 42 U.S.C §2000e-2, *et seq.*

8. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-7 above.

9. Defendant MERS Goodwill's mission is to empower persons with disabilities and

persons who are under-served to achieve maximum community integration, economic independence, and opportunities by providing assessment, counseling, training, employment, support and education services to the community. Toward that end, MERS Goodwill operates the SkillUp Program. The SkillUp Program is a free program that helps Food Stamp (SNAP) recipients get help with skills, training and employer connections to get a job or a better job. The SkillUp Program is funded by the United States Department of Agriculture (USDA) Food and Nutrition Service (FNS). The program is also funded through the Administration for Children and Families, Temporary Assistance for Needy Families block grant. It is administered in Missouri by the Department of Social Services, Division of Family Support. The Division of Workforce Development, Mo. Job Centers partners with MERS Goodwill to provide SkillUp services.

10. At all relevant times, Defendant was an "employer" engaged in industry affecting interstate commerce within the meaning of Title VII, 630b, 42 U.S.C. §2000e(b) and has maintained its principal place of business at 1727 Locust Street, St. Louis, Missouri 63103.

11. At all times material to this action, Defendant had 15 or more employees for each working day in each of 20 or more calendar weeks per year in the current and preceding year.

12. Defendant established employee positions for administering and implementing the SkillUp program which included Case Managers.

13. Defendant repeatedly posted notices of the Case Manager SkillUp position with the Missouri Division of Workforce Development in late 2018 and the first three months of 2019.

14. Plaintiff completed and submitted an application online for the Case Manager SkillUp position on December 20, 2018. As part of her online application, she also attached a resume. Plaintiff received confirmation that her application had been successfully completed.

15. Plaintiff continued to check MERS Goodwill's job postings for positions on the Missouri Division of Workforce Development and the position remained open.

16. When she had not heard anything by February 19, 2019, she visited the Kennett Job Center in person and spoke with a MERS Goodwill employee regarding the job posting. The Defendant's employee was not helpful, was evasive and provided Plaintiff no details regarding the job posting. The Defendant's employee advised Plaintiff that she could only apply online. Defendant's employee met face-to-face with Plaintiff and knew her race and sex; and, would have had an idea of her age and that she was over the age of forty. At no time did he advise Plaintiff that the posting had been withdrawn or that the job did not exist.

17. Plaintiff re-applied by completing an application online for the Case Manager SkillUp position on February 20, 2019. As part of her online application, she also attached a copy of her resume which showed her name, education and experience. Plaintiff again received confirmation that her application had been successfully completed.

18. Defendant continued to advertise the Case Manager Skill Up position through the Missouri Division of Workforce Development on its online postings from November 20, 2018 through April 1, 2019. During that time Defendant placed three (3) Job orders with the Division.

19. Plaintiff's application and resume showed that she was well-qualified for the position of Case Manager SkillUp and more than met the specified job requirements.

20. On April 1, 2019, Plaintiff again checked the job posting on Missouri Division of Workforce Development website and it showed the Case Manager Skill Up position as still available.

21. She attempted to apply online on April 1, 2019. The online system would not accept her application and showed a message which stated: "This job does not exist." "Please check back and try again."

22. Based on information and belief, Defendant did not advertise nor post any other position in the area as available for application.

23. Based on information and belief, Defendant had hired Matthew Myers, a young white male to perform the same duties as those for the Case Manager position.

24. As a direct and proximate result of Defendant's intentional unlawful employment practice based on sex, Plaintiff has suffered lost income and employment benefits, future income, been denied her statutory rights under Title VII, incurred attorney fees and costs of litigation, and suffered emotional distress, pain and suffering, humiliation, and embarrassment.

25. Plaintiff has lost three years of salary and fringe benefits and will lose additional benefits in the future.

26. Defendant's unlawful employment practices and actions complained of above were intentional, willful, and done with malice and/or reckless indifference to the federally protected right of Plaintiff thereby making an award of punitive damages appropriate.



## COUNT II

### TITLE VII-RACE DISCRIMINATION, 42 U.S.C. §2000e-2, *et seq.*

27. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-26 above.

28. Plaintiff was denied employment with Defendant for the position of Case Manager SkillUp on the basis of her race.

29. Plaintiff applied for the position of Case Manager SkillUp with Defendant, met the requirements and was otherwise well qualified for the position.

30. Despite her qualifications and application, Defendant took adverse action against her by refusing to hire her for the position because of her race.

31. Defendant knew her race (Black) as a result of her personally inquiring with Defendant's agent and the person in charge of interviewing candidates.

32. Upon receipt of her application and resume Defendant initially excluded Plaintiff's application and resume. After a cursory review of her application, it designated her application and resume with a red flag indicating she did not appear to be "a good fit" for the position.

33. At all times material to this action, Defendant had 20 or more employees for each working day in each of 20 or more calendar weeks per year in the current or preceding year.

34. Defendant's practice in recruiting and selecting prospective employees is discriminatory in that it was based-in-large part on private word of mouth and personal contact and relationship between Defendant's officers, agents, and staff and deprived Plaintiff and other applicants of an equal opportunity to compete for employment opportunities with Defendant on the basis of their qualifications.

35. As a direct and proximate result of Defendant's intentional discrimination against her on the basis of race, Plaintiff has suffered lost income and employment benefits, future income, been denied her statutory rights under Title VII, incurred attorney fees and costs of litigation, and suffered emotional distress, pain and suffering, humiliation, and embarrassment.

36. Plaintiff has lost salary and benefits exceeding $200,000.

37. Defendant's unlawful employment practices and actions complained of above were intentional, willful, and done with malice and/or reckless indifference to the federally protected right of Plaintiff thereby making an award of punitive damages appropriate.

## COUNT III

### AGE DISCRIMINATION, 29 U.S.C. §621 *et seq.*

38. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-37 above.

39. At all times, Plaintiff who was born November 5, 1952 was over the age of 40 and the member of a class of individuals protected by the ADEA at the time she was denied employment.

40. Plaintiff was denied employment with Defendant for the position of Case Manager SkillUp on the basis of her age.

41. Plaintiff applied for the position of Case Manager SkillUp with Defendant, met the requirements and was otherwise well qualified for the position

42. Despite her qualifications and application, Defendant took adverse action against her by refusing to hire her because of her age.

43. Defendant hired a substantially younger white male to perform the same duties as the Case Manager. He was permitted to apply in person rather than online without the position being advertised, and was hired between March 28, 2019 and April 1, 2019.

44. At all times material to this action, Defendant had 20 or more employees for each working day in each of 20 or more calendar weeks per year in the current or preceding year.

45. Defendant's practice in recruiting and selecting prospective employees is discriminatory in that it was based in large part on private word of mouth and personal contact and relationship between Defendant's officers, agents, and staff and deprived Plaintiff and other applicants of an equal opportunity to compete for employment opportunities with Defendant on the basis of their qualifications.

46. As a direct and proximate result of Defendant's intentional discrimination against her on the basis of age, Plaintiff has suffered lost income and employment benefits, future income, been denied her statutory rights under ADEA, incurred attorney fees and costs of litigation, and suffered emotional distress, pain and suffering, humiliation, and embarrassment

47. Defendant's unlawful employment practice and actions complained of above were intentional, willful, and done with malice and/or reckless indifference to the federally protected rights of Plaintiff thereby making an award of punitive damages appropriate.

## COUNT IV

### DISCRIMINATION UNDER MISSOURI'S HUMAN RIGHTS ACT, §213.055 Rs.MO

48. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-47 above.

49. At all times material to this action, Defendant MERS/Missouri Goodwill d/b/a MERS/Goodwill, had more than 5 employees for each working day in 2018 – 2019.

8

50. Plaintiff filed a timely complaint with the Missouri Human Rights Commission alleging sex, race/color and age against MERS Goodwill in connection with the denial of employment. The complaint was made with the Commission and the EEOC under a cooperative arrangement for processing between the Commission and the Federal agency.

51. Plaintiff has filed the present action within 90 days of receipt of her Notice of Suit Rights.

52. Plaintiff has alleged a prima facie case of employment discrimination under §213.055 R.S.MO. which provides for recovery of actual and punitive damages and the award of costs and a reasonable attorney fee in employment discrimination cases.

53. As a direct and proximate result of Defendant's intentional discrimination against her on the basis of age, Plaintiff has suffered lost income and employment benefits, future income, been denied her statutory rights, incurred attorney fees and costs of litigation and suffered emotional distress, pain and suffering, humiliation, and embarrassment.

54. Defendant's unlawful employment practices and actions complained of above were intentional, willful, and done with malice and/or reckless indifference to the federally protected rights of Plaintiff thereby making an award of punitive damages appropriate.

## JURY TRIAL

55. Plaintiff asserts her rights under he Seventh Amendment to the United States Constitution and pursuant to Rule 38, F.R.Civ.P., and demands a trial by jury on all issues.

## DAMAGES

56. As a direct and proximate result of the Defendant's actions described above, Plaintiff suffered injuries and sustained damages which would not have otherwise occurred, including but not limited to:

a. Award Plaintiff all compensatory and liquidated damages available;

b. Award Plaintiff equitable relief of back salary and fringe benefits;

c. Award Plaintiff legal relief of front pay and fringe benefits;

d. Award Plaintiff compensatory damages for the intentional infliction of emotional distress,

e. Award Plaintiff pre- and post- judgment interest;

f. Award Plaintiff costs of this action and attorney fees;

g. Award Plaintiff punitive or exemplary damages to be determined at trial'

h. Grant Plaintiff such other and further relief as is just and proper.

## PRAYER FOR RELIEF

***WHEREFORE, PREMISES CONSIDERED***, Plaintiff prays that judgment be entered on her behalf against Defendant MERS/Missouri Goodwill as follows:

A. Under Count I (Title VII Sex Discrimination) for $200,000 in compensatory and liquidated damages, back pay and fringe benefits; and punitive damages in the amount of $200,000, an award of attorney's fees and expenses pursuant to 42 U.S.C.§2003-5(K); and for such other and further relief, at law and in equity, to which Plaintiff may be entitled.

B. Under Count II (Title VII Race Discrimination) for $200,000 in compensatory and liquidated damages, back pay and fringe benefits; and punitive damages in the amount of $200,000, an award of attorney's fees and expenses pursuant to 42 U.S.C. §2003-5(K); and for such other and further relief, at law and in equity, to which Plaintiff may be entitled.

C. Under Count III. (ADEA Discrimination) for $200,000 in compensatory and liquidated damages, back pay and fringe benefits; punitive damages in the amount of $200,000

and; an award of attorney's fees and expenses pursuant to 29 U.S.C. §216(b), and for such other and further relief, at law and in equity, to which Plaintiff may be entitled.

D. Under Count IV (Missouri Human Rights Act) for $200,000 in actual damages including back pay and benefits, together with punitive damages in the amount of $200,000.00; pre- and post-judgment interest, the costs of this litigation, including an award of attorney's fees, costs, and expenses pursuant to §213.111 R.S.Mo. and for such other and further relief, at law and in equity to which Plaintiff may be entitled.

Respectfully Submitted,

*Jacqueline T. McGee*
Jacqueline T. McGee, Pro Se
Self- Represented Litigant
P. O. Box 1
Hayti, MO 63851
E-Mail: jtownesmcgee@yahoo.com

11